1  SEAN P. GATES (CA SBN 186247)
   SGates@mofo.com
2  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
3  Los Angeles, California  90017-3543
   Telephone: 213.892.5200
4
   Attorney for Plaintiffs
5  John Doe I, John Doe II, John Doe III, John Doe IV,
   and John Doe V
6

7

8                  UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11 JOHN DOE I, JOHN DOE II, JOHN          Case No.  2:14-CV-00879-LKK-CMK
   DOE III, JOHN DOE IV, AND
12 JOHN DOE V,                            **MEMORANDUM OF POINTS
                                          AND AUTHORITIES IN
13              Plaintiffs,               SUPPORT OF PLAINTIFFS'
                                          MOTION FOR LEAVE TO
14        v.                              PROCEED UNDER FICTITIOUS
                                          NAMES**
15 PURE FOREST, LLC, JEFF
   WADSWORTH,                             Date: July 28, 2014
16 OWEN WADSWORTH,                        Time: 10:00 AM
                                          Ctrm: 4
17              Defendants.               Hon. Lawrence K. Karlton

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................. 1
II. STATEMENT OF FACTS ................................................................................. 2
    A.  Defendants' Trafficking of Plaintiffs ........................................................ 2
    B.  The Criminal Investigation ...................................................................... 3
III. PLAINTIFFS SHOULD BE ALLOWED TO PROCEED UNDER
    FICTITIOUS NAMES ...................................................................................... 4
    A.  Plaintiffs' Face Severe Retaliatory Harm ............................................... 5
    B.  Plaintiffs' Fear is Reasonable .................................................................. 5
    C.  The Plaintiffs and Their Families are Vulnerable to Retaliation .......... 6
    D.  Defendants Will Not be Prejudiced ......................................................... 7
    E.  Public Interest ........................................................................................... 8
IV. PROPOSED PROCEDURE ............................................................................. 8
V.  CONCLUSION .................................................................................................. 9

i

# TABLE OF AUTHORITIES

**Page(s)**

1
2

CASES

*A.B.T., K.M.-W., G.K., L.K.G., D.W. v. U.S. Citizenship & Immigration Servs.*, No. 2:11-cv-02108 RAJ, 2012 WL 2995064 (W.D. Wash. July 20, 2012) ................................................................................................................ 7

*Doe v. Cnty. of El Dorado*,
No. 2:13-CV-01433-KJM, 2013 WL 6230342 (E.D. Cal. Dec. 2, 2013) ............. 7

*Does I thru XXIII v. Advanced Textile Corp.*,
214 F.3d 1058 (9th Cir. 2000) ............................................................. passim

*E.E.O.C. v. ABM Indus. Inc.*,
249 F.R.D. 588 (E.D. Cal. 2008) ................................................................... 7

OTHER AUTHORITIES

Megan McAdams, *Modern Day Slavery in Mexico and the United States* (2003) ........................................................................................................ 6, 7

U.S. Department of State, *2012 Trafficking in Persons Report: Mexico* ................ 6, 7

## I.      INTRODUCTION

Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV, and John Doe V (collectively, "Plaintiffs") are victims of human trafficking.  Defendants' agents threatened Plaintiffs' lives and threatened to harm their families should Plaintiffs tell anyone about the trafficking.  Given the circumstances described below, Plaintiffs reasonably fear retaliation for filing this lawsuit and they (and their families) are particularly vulnerable.  Plaintiffs therefore move this Court for a two-stage order allowing them to proceed under fictitious names to prevent retaliation against themselves and their families.

Defendants and their agents are currently the subjects of a federal criminal investigation regarding the trafficking of Plaintiffs and other Mexican nationals. Defendants' records have been seized.  At least one of Defendants' agents has been indicted.  The U.S. Attorney for the Eastern District will likely seek to stay this action pending the criminal investigation.  Additionally, the parties are considering a voluntary stay of this action because federal investigators have seized from defendants documents that would support Plaintiffs' claims.

Accordingly, Plaintiffs ask that they be permitted to remain anonymous—even to Defendants—until discovery begins in this case.  Once discovery is permitted to proceed, Plaintiffs ask that they be permitted to continue under fictitious names but that their identities be disclosed only to Defendants' counsel and his agents subject to a protective order limiting further disclosure.

Given the severity of the threatened harm, the reasonableness of Plaintiffs' fears, and Plaintiffs' and their families' vulnerability, the Court should allow Plaintiffs to proceed under fictitious names.  Plaintiffs' and their families' safety interests outweigh the public's interest in knowing Plaintiffs' identities, and the proposed two-stage order prevents prejudice to Defendants.  *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068-72 (9th Cir. 2000).

MEMORANDUM OF POINTS AND AUTHORITIES
FOR LEAVE TO PROCEED UNDER FICTITIOUS NAMES

## II.   STATEMENT OF FACTS

### A.   Defendants' Trafficking of Plaintiffs

As alleged in the complaint, Plaintiffs are victims of human trafficking. (ECF 1.)   In 2012, defendants Jeff Wadsworth and Owen Wadsworth, through their agents, recruited Plaintiffs to enter the United States to perform labor for defendant Pure Forest LLC.  (*Id.* at ¶¶ 1, 9.)  Through their agents, Defendants made the following representations to Plaintiffs: (1) Plaintiffs would work forty hours a week at a wage of $16.47 per hour; (2) Defendants would pay for Plaintiffs' visa and travel expenses; and (3) Defendants would provide Plaintiffs with all meals and would provide trailers for lodging.  (*Id.* at ¶¶ 11, 16.)  Plaintiffs accepted Defendants' offer and entered the United States under H-2B visas arranged for by Defendants.  (*Id.* at ¶¶ 12, 13, 17, 18.)

Defendants' representations proved to be false; Plaintiffs were forced to work for next to nothing under constant threats of physical harm or death.  Plaintiffs, along with a number of other Mexican nationals, were transported to a remote location in the Sierra Nevada mountains.  (*Id.* at ¶¶ 14, 19.)  Once there, they were trapped and their fate was only then revealed:

- Plaintiffs were forced to perform deforestation work thirteen hour days, six days a week, regardless of the weather conditions and without adequate breaks.  They were also required to work Sundays to prepare for the next week.  (*Id.* at ¶¶ 30-32.)

- The Pure Forest supervisors were armed and constantly threatened Plaintiffs and the other workers, telling them repeatedly that they would shoot them and leave them for dead if they did not continue to work. (Compendium of Declarations In Support of Plaintiffs' Motion to Proceed Under Fictitious Names (hereinafter "Compendium") at 1 ¶ 3; *id.* at 6 ¶ 3; *id.* at 11 ¶ 3; *id.* at 16 ¶ 3; *id.* at 21 ¶ 3.)  As a result of the abuse, Plaintiffs reasonably feared for their lives while employed with Pure Forest.

- Plaintiffs were not paid for their labor. (ECF 1 at ¶¶ 43-47.) Although they were supposedly paid for 40 hours a week, contrary to Defendants' representations, Defendants deducted from their pay the costs for meals and their visas, leaving Plaintiffs with virtually no pay for their labor. (*Id.* at ¶¶ 37-42.)

- In addition, Plaintiffs were forced to work with toxic chemicals without proper attire or equipment, forced to purchase a sleeping bag from Pure Forest, had to sleep in tents rather than trailers, and the only available water came from a nearby river. (*Id.* at ¶¶ 15, 20, 23-25, 31.)

After Plaintiffs were unceremoniously dropped at a bus stop by defendants, Pure Forest agents threatened to harm Plaintiffs' families in Mexico if Plaintiffs told anyone about their experience. (Compendium at 2 ¶ 5; *id.* at 7 ¶ 5; *id.* at 12 ¶ 5; *id.* at 17 ¶ 5; *id.* at 22 ¶ 5.)

### B.    The Criminal Investigation

Defendants' trafficking is the subject of a current criminal investigation by the U.S. Department of Homeland Security and U.S. Department of Labor. (Declaration of Sean P. Gates in Support of Plaintiffs' Motion to Proceed Under Fictitious Names ("Gates Decl.") ¶ 2, Ex. A.) Search warrants have been served. (*Id.*) Defendants' records have been seized. (ECF 9 at 5-6.) In addition, at least one of Defendants' agents who participated in the trafficking has been indicted for the illegal possession of firearms. (Gates Decl. at ¶ 3, Ex. B.)

The U.S. Attorney's office has indicated that it may seek to stay this civil action pending the criminal investigation. (*Id.* at ¶ 4.) In the absence of such a motion, the parties are also considering seeking a voluntary stay of this action pending the criminal investigation. (*Id.* at ¶ 5.)

MEMORANDUM OF POINTS AND AUTHORITIES
FOR LEAVE TO PROCEED UNDER FICTITIOUS NAMES

### III.   PLAINTIFFS SHOULD BE ALLOWED TO PROCEED UNDER FICTITIOUS NAMES

This Court should allow Plaintiffs to proceed under fictitious names to protect the physical safety of Plaintiffs and their families.  The Ninth Circuit has permitted parties to proceed anonymously "'to protect a person from harassment, injury, ridicule or personal embarrassment.'"  *Advanced Textile Corp.*, 214 F.3d at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.l (9th Cir. 1981) (allowing use of fictitious names because prison inmate "faced a serious risk of bodily harm" if his role as a government witness was disclosed)).  Such an order is appropriate so long as "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Id.* at 1068.  The Court must therefore balance the severity of the threatened harm, the reasonableness of the anonymous party's fears, the anonymous party's vulnerability to such retaliation, the prejudice to the opposing party, and the public's interest in knowing the party's identity.  *Id*.  Here, the balance weighs heavily in Plaintiffs' favor.

Plaintiffs seek an order permitting them to remain anonymous, even to Defendants, until such time as disclosure of their identities is necessary to allow Defendants to defend this case, i.e., when necessary for discovery.  Because the action may be stayed pending the criminal investigation, such an order would protect Plaintiffs and their families from retaliation without prejudicing Defendants.  Once discovery is allowed, Plaintiffs ask this Court to enter a protective order, which would allow disclosure of plaintiffs' identities only to Defendants' counsel and his agents, prohibiting further disclosure.  As Plaintiffs were only five of several dozen trafficked workers, defendants' counsel could confer with defendants to obtain the necessary information without disclosing which if the many workers brought this suit.  Such an order would allow defendants adequate information to defend this action while protecting Plaintiffs' and their families' safety.

### A.    Plaintiffs' Face Severe Retaliatory Harm

As substantiated by Plaintiffs' sworn statements, Pure Forest's agents, who were under the supervision of defendants Jeff Wadsworth and Owen Wadsworth, threatened Plaintiffs repeatedly with great bodily harm or death.   (Compendium at 1 ¶ 3; id. at 6 ¶ 3; id. at 11 ¶ 3; id. at 16 ¶ 3; id. at 21 ¶ 3.)  In addition, Plaintiffs fear retribution against their families based on the threats made by Pure Forest agents.  Plaintiffs were warned that if they ever shared their experience their families would be harmed.   (Id. at 2 ¶ 5; id. at 7 ¶ 5; id. at 12 ¶ 5; id. at 17 ¶ 5; id. at 22 ¶ 5.)

These threats of physical harm to Plaintiffs and their families are more than sufficient to allow Plaintiffs to proceed anonymously.  *See Advanced Textile Corp.*, 214 F.3d at 1071 (finding that plaintiffs faced the severe threats of deportation, arrest, and imprisonment, such that they did "*not* need to prove that they face[d] a danger of physical injury").

### B.    Plaintiffs' Fear is Reasonable

Plaintiffs' fear of retaliatory harm is objectively reasonable:  they have demonstrated that they were threatened and a reasonable person would believe that the threat might be carried out.  *Id*. at 1071 (defining reasonable fear).  Plaintiffs are not required to prove that the defendants actually intend to carry out the threatened retaliation.  *Id*. at 1071.  Nor does each Plaintiff have to demonstrate an "individualized risk of retaliation."  *Id*. at 1069 n.11.  Rather, evidence that similarly situated individuals possess a reasonable fear of severe retaliation is sufficient to warrant their anonymity.  *Id*.

On numerous occasions, Plaintiffs' were threatened with bodily harm or death by Pure Forest's armed agents.   (Compendium at 1 ¶ 3; id. at 6 ¶ 3; id. at 11 ¶ 3; id. at 16 ¶ 3; id. at 21 ¶ 3.)  Pure Forest and its agents showed complete disregard for Plaintiffs lives:  they were not permitted to take rest breaks, they often starved because the food they were provided was rotten; they did not have a source

MEMORANDUM OF POINTS AND AUTHORITIES
FOR LEAVE TO PROCEED UNDER FICTITIOUS NAMES

1   of purified water; they were forced to work with harmful chemical without proper

2   protective gear; and they did not have a single day off during their employment.

3   (ECF 1 at ¶¶ 23-36.)

4        Based on the constant threats and abuse, Plaintiffs remain in fear for their

5   lives.  Plaintiffs believe that defendants can easily locate them by tracking their

6   personal identifying information.   (Compendium at 2 ¶ 4; id. at 7 ¶ 4; id. at 12 ¶ 4;

7   id. at 17 ¶ 4; id. at 22 ¶ 4.)  Plaintiffs continue to take measures to protect

8   themselves for fear that Defendants and their employees will come to look for

9   them.  (*Id.*)

10       Plaintiffs also have a reasonable fear for their families in Mexico.

11  Defendants' agents threatened to harm Plaintiffs' families should Plaintiffs tell

12  anyone of their trafficking.   (Compendium at 2 ¶ 5; id. at 7 ¶ 5; id. at 12 ¶ 5; id. at

13  17 ¶ 5; id. at 22 ¶ 5.)  If identified, defendants and their agents could locate

14  Plaintiffs' families.  (Id.)   Moreover, many Mexican victims of human trafficking

15  fail to identify themselves as victims because they fear retribution from their

16  traffickers.  U.S. Department of State, *2012 Trafficking in Persons Report: Mexico*

17  (2013) ("TIP Report") at 263.  Indeed, Mexican residents have very little police

18  protection as the trafficking industry is contingent on corruption at the local level.

19  Megan McAdams, *Modern Day Slavery in Mexico and the United States* at 3

20  (2003).  If Plaintiffs are required to disclose their true identities, their families face

21  severe retribution with no means of protecting themselves.

### C.    The Plaintiffs and Their Families are Vulnerable to Retaliation

22

23       Plaintiffs and their families are vulnerable to retaliation; they must depend on

24  anonymity to avoid retaliatory harm.  *See Advanced Textile Corp*., 214 F.3d at

25  1071-72 (defining vulnerability as being dependent on anonymity to avoid

26  retaliation).  This is especially true because the Court has no ability to protect

27  Plaintiffs' family members in Mexico.  *See id*.  Mexico has a history of failing to

28

MEMORANDUM OF POINTS AND AUTHORITIES
FOR LEAVE TO PROCEED UNDER FICTITIOUS NAMES

1  protect trafficking victims from retaliation, *see* McAdams, supra, at 3, which

2  weighs heavily in favor of finding Plaintiffs to be vulnerable, *see A.B.T., K.M.-W.,*

3  *G.K., L.K.G., D.W. v. U.S. Citizenship & Immigration Servs.*, No. 2:11-cv-02108

4  RAJ, 2012 WL 2995064, at *4 (W.D. Wash. July 20, 2012).  Mexican natives lack

5  access to adequate legal, political and physical protection to defend against or to

6  prevent retaliatory harm.  *See* TIP Report at 263 (The Department of State

7  recognizes that "many victims in Mexico [are] afraid to identify themselves as

8  trafficking victims, and few [seek] legal remedies due to their fear of retribution

9  from trafficking offenders, the lack of specialized services, or a lack of trust in

10  authorities.")  Moreover, Plaintiffs' vulnerability is enhanced because they are only

11  five of several dozen individuals who were trafficked by defendants.  *See Advanced*

12  *Textiles Corp.*, 214 F.3d at 1072 (finding that twenty-three individuals among an

13  estimated workforce of 25,000 was sufficient to enhance plaintiffs vulnerability).

14  **D.    Defendants Will Not be Prejudiced**

15  Plaintiffs' proceeding under fictitious names, pursuant to the proposed two-

16  stage order, avoids any prejudice to Defendants ability to litigate this case and

17  mount a defense.  *See id.* at 1072 (prejudice must be determined at each stage of the

18  proceeding).  During any stay and prior to discovery, Defendants have no need to

19  know Plaintiffs' identities.  *See Doe v. Cnty. of El Dorado*, No. 2:13-CV-01433-

20  KJM, 2013 WL 6230342, at *5 (E.D. Cal. Dec. 2, 2013) ("At this prediscovery

21  stage, however, the court need not yet consider the prejudice defendant will suffer

22  during discovery.").

23  Once discovery commences, Plaintiffs propose that their identities be

24  disclosed subject to a protective order only to Defendants' counsel and his agents.

25  Because Plaintiffs are only five of many workers who were subject to the same

26  treatment by Defendants and their agents, Defendants' counsel may obtain

27  necessary information from Defendants without revealing Plaintiffs' identities.  *Cf.*

28  *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588 (E.D. Cal. 2008) (permitting

7

MEMORANDUM OF POINTS AND AUTHORITIES
FOR LEAVE TO PROCEED UNDER FICTITIOUS NAMES

1  employees to intervene anonymously during the discovery phase when they had an

2  objectively reasonable fear that their supervisor would physically retaliate against

3  them).  Further disclosure, however, could result in retaliation by Defendants or

4  their agents.  (Compendium at 2 ¶ 4; *id.* at 7 ¶ 4; *id.* at 12 ¶ 4; *id.* at 17 ¶ 4; *id.* at 22

5  ¶ 4.)

6                              **E.    Public Interest**

7           The public's interest in this case can be satisfied without revealing the

8  Plaintiffs' identities.  Disguising Plaintiffs' identities will not obstruct public

9  scrutiny of the important issues in this case.  *See Advanced Textiles Corp.*, 214 F.3d

10  at 1072-73 (reasoning that "[i]n FLSA actions brought by the Secretary of Labor,

11  the 'informant's privilege' may be used to conceal the names of employees who

12  precipitated the suit by filing complaints with the Department of Labor.").

13  Permitting Plaintiffs to proceed using fictitious names will serve the public interest

14  because Plaintiffs will not be deterred from vindicating their rights.  *Id*. at 1073.

15  Thus, Plaintiffs' "need for anonymity outweighs prejudice to the opposing party

16  and the public's interest in knowing the party's identity."  *Id*. at 1068.

17     **IV.    PROPOSED PROCEDURE**

18           To protect Plaintiffs from retaliation, Plaintiffs propose the following

19  procedure govern the disclosure of their identities:

20           1.  Plaintiffs be permitted to proceed under fictitious names and need not

21               reveal their identities in any public filing or to any of defendants.

22           2.  Upon commencement of discovery in this case, and upon defendants'

23               motion showing good cause, the Court may issue an order requiring

24               Plaintiffs to reveal their identities to defendants' counsel.  Defendants'

25               counsel may only reveal those identities only to counsel's agents as

26               necessary to defend this case and pursuant to the following procedures:

27

28

MEMORANDUM OF POINTS AND AUTHORITIES
FOR LEAVE TO PROCEED UNDER FICTITIOUS NAMES

a.  Defendants' counsel shall serve Plaintiffs prior notice of such disclosure.  Such notice shall include the name of counsel's agent and a description of the need to know Plaintiffs' identities.

b.  Plaintiffs shall have five court days from receipt of the prior notice to file an objection to such disclosure.  Should Plaintiffs object, Defendants' counsel shall not reveal Plaintiffs' identities to the agent until the Court rules on Plaintiffs' objection.

c.  Any agent to whom defendants' counsel reveals Plaintiffs' identities may not reveal those identities to any other person and must execute an affidavit, prior to receiving Plaintiffs' identities, stating that the agent agrees to abide by this order.  Defendants' counsel shall serve a copy of any such affidavit on Plaintiffs within five court days of execution.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the entry of a two-stage order permitting Plaintiffs to proceed in this action under fictitious names as outlined above.

Dated:        June  5, 2014                SEAN P. GATES
                                           MORRISON & FOERSTER LLP


                                           By: */s/ Sean P. Gates*
                                               SEAN P. GATES

                                           Attorney for Plaintiffs
                                           John Doe I, John Doe II, John
                                           Doe III, John Doe IV, and John
                                           Doe V

la-1252695

9