ERICK C. TURNER, State Bar No. 236186
BRIAN C. CRONE, State Bar No. 191731
TURNER LAW GROUP
7311 Greenhaven Drive, Suite 110
Sacramento, CA  95831
(916) 849-4005

Attorney for Defendants/Third Party Complainants
PURE FOREST, LLC, JEFF WADSWORTH, and
OWEN WADSWORTH

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV, AND JOHN DOE V, | Case No.  2:14-cv-00879-LKK-CMK |
| Plaintiffs, | **DEFENDANTS' THIRD PARTY COMPLAINT AND REQUEST FOR JURY TRIAL ON ALL ISSUES** |
| v. | |
| PURE FOREST, LLC, JEFF WADSWORTH, OWEN WADSWORTH, | |
| Defendants. | |
| PURE FOREST, LLC; JEFF WADSWORTH; and OWEN WADSWORTH, | |
| Third-Party Complainants, | |
| v. | |
| JOSE LUIS OSORIO, an individual; GUADALUPE AMADOR, an individual; FUTURE REFORESTATION, LLC, a limited liability company; and ROES 1 through 10, inclusive, | |
| Third-Party Defendants. | |

Defendants/Third-Party Complainants PURE FOREST, LLC, JEFF WADSWORTH, and

OWEN WADSWORTH (collectively, "Complainants") bring this Third-Party Complaint against

---

1

**THIRD PARTY-COMPLAINT**

1  Third-Party Defendants JOSE LUIS OSORIO, GUADALUPE AMADOR, and FUTURE
2  REFORESTATION, LLC, (collectively, "Third-Party Defendants") and allege as follows:

3                              **GENERAL ALLEGATIONS**

4      1.      Defendant/Third-Party Complainant PURE FOREST, LLC is, and has been at all
5  times relevant herein, a limited liability corporation duly organized and existing under the laws
6  of the State of Idaho with its principal place of business located in Oakley, Idaho.
7  Defendant/Third-Party Complainant PURE FOREST, LLC has been registered in California as a
8  foreign limited liability company since approximately 2009.

9      2.      Defendant/Third-Party Complainant JEFF WADSWORTH is, and has been at all
10 times relevant to this action, a resident of Oakley, Idaho.

11     3.      Defendant/Third-Party Complainant JEFF WADSWORTH is, and has been at all
12 times relevant to this action, a resident of Oakley, Idaho.

13     4.      Defendants/Third-Party Complainants are informed and believe, and thereon
14 allege, that Third-Party Defendant JOSE LUIS OSORIO is, and has been at all times relevant to
15 this action, a resident of Gerber, California, County of Tehama.

16     5.      Defendants/Third-Party Complainants are informed and believe, and thereon
17 allege, that Third-Party Defendant GUADALUPE AMADOR is, and has been at all times
18 relevant to this action, a resident of Gerber, California, County of Tehama.

19     6.      Defendants/Third-Party Complainants are informed and believe, and thereon
20 allege, that Third-Party Defendant FUTURE REFORESTATION, LLC is, and has been at all
21 times relevant herein, a limited liability corporation duly organized and existing under the laws
22 of the State of California with its principal place of business located in Gerber, California.

23     7.      The true names and capacities, whether individual, corporate, associate or
24 otherwise, of Third-Party Defendants Roes 1 through 10, inclusive, are unknown to
25 Complainants who therefore sue said Third-Party Defendants by such fictitious names.
26 Complainants are informed and believe and thereon allege that each of the Third-Party
27 Defendants designated herein as a fictitiously named third-party defendant is, in some manner,
28 responsible for the events and happenings referred to herein.

**THIRD PARTY-COMPLAINT**

8.      Complainants are informed and believe, and thereon allege, that at all times herein mentioned, Third-Party Defendants, and each of them, were the agents, servants, employees and representatives of each of the remaining third-party defendants, and were acting within the scope of their authority as such agents, servants, employees and representatives, and with the knowledge, consent, permission, approval and ratification of the remaining third-party defendants, and each of them.  Complainants will seek leave of court to amend this Third-Party Complaint to show the true nature and extent of the relationships of Third-Party Defendants to their co-third-party defendants when said relationships have been fully ascertained.

9.      This Court has subject matter jurisdiction of Plaintiffs' action and this Third-Party Complaint under 28 U.S.C. §§1331, 1332, 1337(a), and 1350 and under 28 U.S.C. §1367(a) for supplemental jurisdiction over the claimed related state law causes of action.

10.     This Court has personal jurisdiction over Third-Party Defendants because, according to the knowledge and information available to Complainants, each such third-party defendant is doing business and/or residing in the County of Tehama, State of California.

## FACTUAL ALLEGATIONS

11.     Complainants re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 10 above as if fully rewritten herein.

12.     Plaintiffs JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV, and JOHN DOE V (collectively, "Plaintiffs") have filed a complaint against Defendants/Third-Party Complainants.  A copy of Plaintiffs' Complaint is attached to this Third-Party Complaint as Exhibit "A."  Without admitting the truth thereof, the allegations of Plaintiffs' Complaint are incorporated herein by this reference.

13.     Plaintiffs' action purports to arise under the laws of the United States including, without limitation, the Fair Labor Standards Act, Trafficking Victims Protection Act, and the Federal Racketeering Influenced Corrupt Organization Act.  In addition, Plaintiffs purport to state claims for wage and hour violations, breach of contract, misrepresentation, intentional and negligent infliction of emotional distress, and other claims under the laws of the State of California.

**THIRD PARTY-COMPLAINT**

14.     At all times relevant to Plaintiffs' Complaint, Third-Party Defendant JOSE LUIS OSORIO ("OSORIO") was employed by Third-Party Complainant PURE FOREST, LLC ("PURE FOREST") as lead foreman.  In this position OSORIO was responsible for supervising all of PURE FOREST's employees, including Plaintiffs.

15.     At all times relevant to Plaintiff's Complaint, Third-Party Complainants JEFF WADSWORTH and OWEN WADSWORTH resided in Idaho and entrusted OSORIO with the supervision of PURE FOREST's employees in California.

16.     PURE FOREST enlisted the assistance of OSORIO to obtain workers on H-2B visas from Mexico.  Plaintiffs were among those hired by OSORIO on behalf of PURE FOREST.

17.     At all times relevant to Plaintiffs' Complaint, OSORIO reported employee payroll to PURE FOREST each pay period.  PURE FOREST would then transfer funds to its bank in California so that OSORIO could issue payment to PURE FOREST's employees, many of whom did not have bank accounts.  PURE FOREST always transferred the funds necessary to cover the payroll as reported by OSORIO.  OSORIO was under instruction from PURE FOREST to pay employees their full wages.

18.     PURE FOREST never received any complaints concerning OSORIO from any of his coworkers and/or subordinate employees about failure to pay wages, oppressive working conditions, or confiscation of passports.

19.     Third-Party Defendants are liable to Complainants for all or part of Plaintiffs' claims against Complainants in the event that the allegations set forth in Plaintiffs' Complaint are proven at the time of trial as any conduct alleged against Complainants was carried about by and/or for the benefit of Third-Party Defendants.

20.     Third-Party Defendants have since set up a company, Third-Party Defendant FUTURE REFORESTATION, LLC, which has unlawfully competed against Complainants. Complainants are informed and believe that Third-Party Defendants used monies taken from PURE FOREST and PURE FOREST's employees, including Plaintiffs, to create FUTURE REFORESTATION, LLC.

**THIRD PARTY-COMPLAINT**

21.   By reason of the foregoing, Third-Party Defendants acted willfully and knowingly, breached their duty of loyalty, and have thereby become liable to Complainants for any judgment entered against Complainants on Plaintiffs' Complaint as well as for Complainants' costs and attorney fees incurred in defending themselves against Plaintiffs' Complaint.

22.   By reason of the foregoing, Third-Party Defendants are all or partly at fault for any and all injuries to Plaintiffs in the underlying action and such liability and damages should be allocated to Third-Party Defendants and their agents and principals and/or Complainants should be indemnified.

### FIRST CAUSE OF ACTION

### (Conversion—Against Third-Party Defendants and ROES 1-10)

23.   Complainants re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 22 above as if fully rewritten herein.

24.   During the course of OSORIO'S employment with PURE FOREST, LLC, OSORIO regularly had unfettered access to payroll monies intended for PURE FOREST's employees (including Plaintiffs).  OSORIO was to pay employees all of the monies due to the employees, including Plaintiffs, for the work they performed.

25.   Assuming, *arguendo*, that Plaintiffs' allegations are true, OSORIO, without Complainants' knowledge or consent and by means of false, fraudulent, and deceptive practices, misappropriated and converted for Third-Party Defendants' personal use and possession an amount according to proof at trial, but alleged to be an amount in excess of the jurisdiction of this Court.

26.   Pure Forest never authorized OSORIO to take any monies from the paychecks of Plaintiffs.

27.   OSORIO's unlawful conduct directly and proximately caused, and will cause, Complainants to incur additional expenses, the amount to be proven at trial.

28.   The actions of Third-Party Defendants in wrongfully converting PURE FOREST's monies were fraudulent, malicious, and oppressive and constituted despicable

conduct in conscious disregard of Complainants' rights, and were intended to cause harm to Complainants. Accordingly, an award of punitive damages in an amount appropriate to punish Third-Party Defendants and deter others from engaging in similar misconduct is warranted.

### SECOND CAUSE OF ACTION

**(Fraud/Conspiracy to Commit Fraud —Against Third-Party Defendants and ROES 1-10)**

29. Complainants re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 28 above as if fully rewritten herein.

30. OSORIO was responsible for maintaining the security of monies deposited by PURE FOREST for payment of wages. OSORIO was further responsible for paying the monies deposited by PURE FOREST to employees of PURE FOREST, including Plaintiffs.

31. OSORIO represented to Complainants that he had paid PURE FOREST's employees all of the wages that were due and owing to them.

32. OSORIO knew or should have known that Complainants and others would rely on the representations that he made concerning the monies and payment of the monies.

33. Assuming, *arguendo*, that Plaintiffs' allegations are true, OSORIO intentionally manipulated Complainants and others through his fraudulent representations for his own personal benefit and for the benefit of Third-Party Defendants. After stealing money from PURE FOREST, OSORIO knowingly reported to PURE FOREST that all of the monies had been paid to workers. OSORIO concealed that he was unlawfully taking PURE FOREST's monies and thereby depriving PURE FOREST and its employees of monies belonging to them.

34. Complainants justifiably relied on the statements that OSORIO made. PURE FOREST paid OSORIO an hourly wage, fully expecting that OSORIO would faithfully and accurately perform his duties. PURE FOREST had no reason to believe that OSORIO was embezzling monies.

35. As a direct and proximate result of Third-Party Defendants' fraudulent activities, Complainants have been deprived of an amount to be proven at trial. Third-Party Defendants' fraudulent conduct also directly and proximately caused Complainants to incur additional

**THIRD PARTY-COMPLAINT**

expenses, including substantial legal costs and repayment of improperly unpaid wages, the amount to be proven at trial.

36.     The actions of Third-Party Defendants in wrongfully converting PURE FOREST's monies were fraudulent, malicious, and oppressive and constituted despicable conduct in conscious disregard of Complainants' rights, and were intended to cause harm to Complainants.  Accordingly, an award of punitive damages in an amount appropriate to punish Third-Party Defendants and deter others from engaging in similar misconduct is warranted.

### THIRD CAUSE OF ACTION

### (Breach of Loyalty—Against OSORIO and ROES 1-10)

37.     Complainants re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 36 above as if fully rewritten herein.

38.     As an employee of PURE FOREST, OSORIO had a duty to provide PURE FOREST with his undivided loyalty and not to take action which is inimical to the best interests of PURE FOREST.  By virtue of his position at PURE FOREST, OSORIO had a duty to refrain from using his position of trust and confidence to further his private interests or otherwise work an injury to PURE FOREST or to deprive it of profit or advantage.

39.     Assuming, *arguendo*, that Plaintiffs' allegations are true, OSORIO misused his authority to embezzle monies from PURE FOREST.  OSORIO also impermissibly used his authority to extort monies from his fellow coworkers.

40.     In breaching his duty of loyalty, OSORIO directly and proximately deprived PURE FOREST and his coworkers of thousands, if not tens of thousands, of dollars.  OSORIO's conduct also directly and proximately caused PURE FOREST to incur additional expenses, including substantial legal costs and repayment of improperly paid wages, the amount to be proven at trial.

41.     The actions of OSORIO in wrongfully converting PURE FOREST's money and extorting money from his coworkers were fraudulent, malicious, and oppressive and constituted despicable conduct in conscious disregard of PURE FOREST's rights, and were intended to cause harm to PURE FOREST.  Accordingly, an award of punitive damages in an amount

1   appropriate to punish OSORIO and deter others from engaging in similar misconduct is

2   warranted.

3                          **FOURTH CAUSE OF ACTION**

4        **(Constructive Trust – Against Third-Party Defendants and ROES 1-10)**

5        42.     Complainants re-allege and incorporate by reference the allegations contained in

6   Paragraphs 1 through 41 above as if fully rewritten herein.

7        43.     Third-Party Defendants' wrongful acts in embezzling and converting monies

8   have deprived PURE FOREST of money that rightfully belongs to PURE FOREST.

9        44.     If PURE FOREST is not afforded the equitable relief that it seeks herein, the

10  property belonging to PURE FOREST may be wrongfully diverted for Third-Party Defendants'

11  personal use and they will thereby be unjustly enriched in an amount according to proof.

12       45.     Accordingly, Third-Party Defendants hold the funds in their bank account(s), as a

13  constructive trustee for the benefit of PURE FOREST.

14                          **FIFTH CAUSE OF ACTION**

15       **(Unfair Competition—Against Third Party Defendants and ROES 1-10)**

16       46.     Complainants re-allege and incorporate by reference the allegations contained in

17  Paragraphs 1 through 45 above as if fully rewritten herein.

18       47.     Third-Party Defendants' conduct as alleged herein constitutes unlawful, unfair, or

19  fraudulent business acts or practices in violation of California Business and Professions Code §

20  17200 *et seq.*

21       48.     Unless Third-Party Defendants are restrained from continuing these unlawful,

22  unfair, and fraudulent business acts or practices, Complainants will suffer irreparable injury.

23       49.     As a direct and proximate result of the foregoing conduct, Third-Party

24  Defendants have been unjustly enriched.  Complainants are entitled to full disgorgement of all

25  profits obtained by Third-Party Defendants as a result of their unlawful, unfair, and fraudulent

26  acts as alleged herein.

27       ///

28

---

8

**THIRD PARTY-COMPLAINT**

1

**SIXTH CAUSE OF ACTION**

2

**(Declaratory Relief—Against Third Party Defendants and ROES 1-10)**

3    50.    Complainants re-allege and incorporate by reference the allegations contained in

4 Paragraphs 1 through 44 above as if fully rewritten herein.

5    51.    There exists an actual, ripe, and justiciable controversy between Complainants

6 and Third-Party Defendants regarding each party's rights and interests in connection with the

7 monies that Plaintiffs claim were unlawfully withheld as well as the other conduct alleged in

8 Plaintiffs' Complaint.

9    52.    The Court should resolve the parties' dispute by declaring that Third-Party

10 Defendants are responsible, solely or in part, for the conduct alleged in Plaintiffs' Complaint.

11

**PRAYER**

12    WHEREFORE, Complainants pray for judgment against Third-Party Defendants and

13 each ROE defendant as follows:

14    1.    For compensatory, general and special damages according to proof;

15    2.    For the imposition of a constructive trust on the funds in Third-Party Defendants'

16 bank account(s);

17    3.    For costs of suit incurred herein;

18    4.    For interest as allowed by law;

19    5.    For punitive and exemplary damages;

20    6.    For an award of attorney's fees;

21    7.    For appropriate preliminary and permanent injunctive relief, the scope of which

22 shall be determined by the Court.

23 DATED:  August 6, 2014                    TURNER LAW GROUP

24

25                                          By___/s/ Erick C. Turner, Esq._____
                                               ERICK C. TURNER
26                                             Attorney for Defendant

27

28

9

**THIRD PARTY-COMPLAINT**