SEAN P. GATES (CA SBN 186247)
SGates@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorney for Plaintiffs JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV, AND JOHN DOE V

[ADDITIONAL COUNSEL ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV, AND JOHN DOE V,

Plaintiffs,

v.

PURE FOREST, LLC, JEFF WADSWORTH, OWEN WADSWORTH,

Defendants.

---

PURE FOREST, LLC; JEFF WADSWORTH; and OWEN WADSWORTH,
Third-Party Complainants,

v.

JOSE LUIS OSORIO, an individual; GUADALUPE AMADOR, an individual; FUTURE REFORESTATION, LLC, a limited liability company; and ROES 1 through 10, inclusive,
Third-Party Defendants.

Case No. 2:14-cv-00879-KJM-CMK

**STIPULATION AND] PROTECTIVE ORDER**

## 1. PURPOSE AND LIMITATIONS

Based on fear of physical harm to themselves and their family members, Plaintiffs John Doe I, John Doe II, John Doe III, John Doe IV, and John Doe V (collectively, "Plaintiffs") moved to proceed in this action under pseudonyms. By order dated June 17, 2014, the Court granted Plaintiffs' motion, ordering that "Plaintiffs need not reveal their identities in any public filing herein or to defendants." (Order (6/17/14), Doc. No. 13.)

The disclosure of information, the production of documents and other materials, and the taking of depositions during discovery in this matter will include information that indirectly or directly discloses Plaintiffs' identities, which are (pursuant to the Courts' order) entitled to special protection from disclosure to the public or to defendants. In addition, discover in this matter may include confidential or private information entitled to special protection from public disclosure. To facilitate discovery, Plaintiffs, Defendants and Third-Party Complainants Pure Forest, LLC, Jeff Wadsworth, and Owen Wadsworth (collectively "Defendants"), and Third-Party Defendants Jose Luis Osorio, Guadalupe Amador, and Future Reforestation, LLC (collectively "Third-Party Defendants"), hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Protective Order").

## 2. DEFINITIONS

2.1 Party: any party to this action and its affiliated companies, including all officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff) thereof.

2.2 Disclosure or Discovery Material: all documents, items, or other information, regardless of the medium or manner in or through which such materials or information were or are generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how generated, stored or maintained), testimony or tangible things obtained during discovery in this action that reveal a trade secret, or other confidential research,

development, or financial information that is commercially sensitive, or that otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c), and personal information that is protected from disclosure by statute, regulation, or otherwise is entitled to protection from public disclosure.

2.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or items: information (regardless of how generated, stored or maintained), testimony or tangible things obtained dring discovery in this action that would reveal, directly or indirectly, any of Plaintiffs' identities or "CONFIDENTIAL" Information or Items the disclosure of which to another Party or non-party would create a substantial risk of causing the Producing Party to suffer a significant competitive or commercial disadvantage.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party in this action.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Designating Party: a Party or non-party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."

2.9 Outside Counsel: attorneys, paralegals and other support personnel who are not employees of a Party, but who are retained to represent or advise a Party in this action and are counsel of record in this action.

2.10 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation, including his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes without limitation professional jury or trial

consultants retained in connection with this litigation.

2.11 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might disclose Protected Material to persons not authorized to receive such material.

**4. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Designating Disclosure or Discovery Material for Protection. Any Producing Party may designate as "CONFIDENTIAL" any Disclosure or Discovery Material that it produces and considers in good faith to be entitled to protection because it reveals a trade secret or other confidential research, development, or financial information that is commercially sensitive, or that otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c), or personal information that is protected from disclosure by statute, regulation, or otherwise is entitled to protection from public disclosure. Any Producing Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Disclosure or Discovery Material that it produces and considers in good faith to be entitled to protection because it may reveal, directly or indirectly, any of Plaintiffs' identities. If it comes to a Designating Party's attention that any Disclosure or

Discovery Material that it designated for protection does not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Protective Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material must be designated for protection under this Protective Order by clearly designating the material before it is disclosed or produced.

Designation pursuant to this Protective Order shall be accomplished as follows:

a. For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material. Use of the legend "HIGHLY CONFIDENTIAL" shall be construed as and shall have the same meaning and effect as use of the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order, and, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY") on each page that contains Protected Material.

b. For testimony given in deposition or in other pretrial or trial proceedings, any Party or non-party offering or sponsoring the testimony may designate the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by making a statement to that effect on the record during the deposition or other pretrial or trial proceeding. Alternatively, within thirty (30) days of receipt of a transcript or recording of a deposition or other pretrial or trial proceeding, any Party or the offering or sponsoring non-party may designate such transcript or recording or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying all Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." All transcripts or recordings of depositions shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for thirty (30) days after receipt of the transcript or recording, or until either written notice of a designation or written notice that no designation will be made is received from all Parties, whichever occurs first.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

c. For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the

information or items are stored the legend “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY.” If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY.”

5.3 Inadvertent Failures to Designate. Inadvertent failure to designate Disclosure or Discovery Material as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” at the time of production shall not be deemed a waiver of the Producing Party's right to so designate the Disclosure or Discovery Material and may be remedied by supplemental written notice to the Receiving Party. If such notice is given, all Disclosure and Discovery Material so designated shall thereafter be fully subject to this Protective Order as if it had been initially designated as Protected Material. After any designation is made in accordance with this paragraph, Counsel for the Producing Party shall be responsible for providing replacement copies of all previously unmarked copies of the Protected Material. If Disclosure and Discovery Material is designated as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” after it was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the designated material is thereafter treated in accordance with the provisions of this Protective Order. If Disclosure and Discovery Material subject to this paragraph is disclosed prior to being designated as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY”, such disclosure shall be subject to the provisions of Paragraph 9.

5.4 Upward Designation of Information or Items Produced by Other Parties or Non-Parties. Subject to the standards of paragraph 5.1, a Party may upward designate (i.e., change any Disclosure or Discovery Material produced without a designation

to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or designate any Disclosure or Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") any Disclosure or Discovery Material produced by any other Party or non-party, provided that said Disclosure or Discovery Material contains the upward designating Party's own trade secrets or other confidential research, development, financial, personal, or commercially sensitive information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c) or information that may reveal, directly or indirectly, any of Plaintiffs' identities.

Upward designation shall be accomplished by providing written notice to all Parties identifying (by document production number or other individually identifiable information) the Disclosure or Discovery Material to be re-designated within thirty (30) days after receipt of the production from the Producing Party. Notwithstanding any other provision of this Protective Order, all Disclosure or Discovery Material produced by a non-Party to this action shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for thirty (30) days after receipt of the production, or until either written notice of a designation or written notice that no designation will be made is received from all Parties, whichever occurs first. Failure to upward designate within thirty (30) days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Disclosure or Discovery Material or from moving the Court for such relief. Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth in paragraph 6 regarding challenging designations.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,

unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is made.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with Counsel for the Designating Party. In conferring, the Designating Party must explain the basis for its confidentiality designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Confidential Information of Third Parties. In instances where a Party produces information received from a third party that is claimed by that third party to be confidential and such information is designated by the producing Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", and a receiving Party seeks to challenge the confidentiality designation thereof, such Party shall provide the third party with written notice of the challenge to enable the third party a reasonable opportunity to oppose the challenge.

6.4 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion with the court that identifies the challenged Disclosure or Discovery Material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. It shall be the Designating Party's burden to show that its designation is warranted.

Until the Court rules on the challenge, all parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party may use Disclosure or Discovery Material that is disclosed or produced by another Party or by a non-party only for prosecuting, defending, or attempting to settle this litigation, and for no other purpose. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. The restrictions on Disclosure or Discovery Material shall not apply to information that, at or prior to production or disclosure thereof in this action, is or was public knowledge as a result of publication by one having the unrestricted right to do so, or which is otherwise in the public domain. Nothing in this Protective Order shall in any way restrict the use or dissemination by a Party or non-party of its own Protected Material.

7.2 Disclosure of “CONFIDENTIAL” Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Party or non-party whose confidentiality interest is being protected by the designation of Disclosure or Discovery Material as Protected Material, a Receiving Party may disclose any information or item designated as “CONFIDENTIAL” only:

(a) to the Receiving Party's Outside Counsel of record in this action, as well as attorneys, paralegals, law clerks, and support staff of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) to Experts or consultants to whom disclosure is reasonably necessary for this litigation and who have signed an “Agreement to Be Bound by Protective Order” in the form attached hereto as Exhibit A;

(c) to the Court and its personnel in this action, including any relevant appellate court, in the event that any portion of this action is appealed;

(d) to court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(e) to the author or recipient of the document or the original source of the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Party or non-party whose confidentiality interest is being protected by the designation of Disclosure or Discovery Material as Protected Material, a Receiving Party may disclose any information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only:

(a) to the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) to Experts or consultants to whom disclosure is reasonably necessary for this litigation and who have signed an "Agreement to Be Bound by Protective Order" in the form attached hereto as Exhibit A;

(c) to the Court and its personnel in this action, including any relevant appellate court, in the event that any portion of this action is appealed;

(d) to court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(e) to the author or recipient of the document or the original source of information.

**8. FILING PROTECTED MATERIAL**

Without written permission from the Party or non-party whose confidentiality interest is being protected by the designation of Disclosure or Discovery Material as Protected Material or a Court order secured after appropriate notice to all interested persons, a Party may not file in the

public record in this action any Protected Material. If a Party wishes to submit any Protected Material to the court in this action that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Party shall comply with the procedures of the United States District Court for the Eastern District of California. Unless directed by the Court to do otherwise, the Party shall submit such Protected Material "under seal" by filing such Protected Material in a sealed envelope or other appropriate sealed container, which envelope or container shall be marked "CONFIDENTIAL MATERIAL FILED UNDER SEAL."

**9.     USE OF PROTECTED MATERIAL AT DEPOSITIONS**

If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material is disclosed at a deposition, only the court reporter and those persons who are authorized by the terms of this Order to receive such material may be present.

**10.    ADDITIONAL PROTECTIONS REGARDING PLAINTIFFS' IDENTITIES**

10.1  Notwithstanding the provisions of section 9, no persons other than Outside Counsel of record in this action and the court reporter may attend the depositions of Plaintiffs. The cover page of the deposition of any Plaintiff shall identify that Plaintiff by pseudonym.

10.2  Discovery requests, discovery responses, and correspondence shall refer to Plaintiffs as John Doe I-V. Within five business days of the entry of this Order, Plaintiffs shall provide to Defendants' and Third-Party Defendants' Outside Counsel of record a key of Plaintiffs' names and their respective pseudonyms.

10.3  Defendants' and Third-Party Defendants' Outside Counsel of record in this action will also take precautions when communicating with their clients not to indirectly or inadvertently reveal any of Plaintiffs' identities.

**11.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in separate litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

Receiving Party must so notify the Designating Party as well as all other Parties, in writing (by email or fax, if possible) immediately and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of the Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

In addition, unless otherwise required by law, the Receiving Party must not voluntarily disclose the Designation Party's Protected Material until ten (10) court days after it has provided notice of the subpoena or court order to the Designating Party to allow the Designating Party time to object. If the Designating Party notifies the Receiving Party of its intent to object to the production or disclosure of its Protected Material, then the Receiving Party must immediately notify in writing the party who caused the subpoena or order to issue in the other litigation of the Designating Party's contemplated objection. Furthermore, the Receiving Party must not voluntarily disclose the Designating Party's Protected Material prior to the resolution of the Designating Party's objection unless otherwise required by law, and the receiving Party must make a good faith effort to obtain an extension on the time it is required to produce Protected Material until the date the Designating Party's objection is resolved.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interest in the court from which the subpoena or order is issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

**13. <u>FINAL DISPOSITION</u>**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, voluntary dismissal of a Party, or court ordered dismissal of a Party, each Receiving Party must return to the Producing Party or destroy all Protected Material. As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With notice to the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it to the Producing Party. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**14. <u>INADVERTENTLY PRODUCED DOCUMENTS</u>**

If a Party at any time notifies any other Party that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity, or the

Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection. The Receiving Party shall return all copies of such documents, testimony, information and/or things to the inadvertently producing Party within five (5) court days of receipt of such notice or discovery and shall not use such items for any purpose until further order of the Court.

**15. THIRD PARTIES**

Any third party producing documents and/or providing testimony in this litigation may take advantage of this Order in protecting its Confidential Information.

**16. MISCELLANEOUS**

16.1 Right to Further Relief. Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future. In particular, nothing in this Protective Order precludes any party from seeking additional or other protection for highly sensitive competitive information above and beyond the protections available under the Order.

16.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Disclosure or Discovery material covered by this Protective Order.

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _______________________________ [print or type full name], of _________________ _________________________________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was entered by the United States District Court for the Eastern District of California on _________, 2015 [date] in the case of *John Doe I, et al. v. Pure Forest, LLC, et al.*, Case No. 2:14-cv-00879-KJM-CMK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated:_______________________________

City and State where signed:_______________________________

Printed name:_____________________________

Signature:_______________________________

Dated: Jan. 28, 2015

SEAN P. GATES
MORRISON & FOERSTER LLP

By: /s/ Sean P. Gates
SEAN P. GATES

Attorney for Plaintiffs JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV, AND JOHN DOE V

Dated: Jan. 28, 2015

ERICK C. TURNER
TURNER LAW GROUP

By: /s/ Erick C. Turner (authorized Jan. 26, 2015)
ERICK C. TURNER

Attorney for Defendants and Third-Party Complainants PURE FOREST, LLC, JEFF WADSWORTH, and OWEN WADSWORTH

Dated: Jan. 28, 2015

MICHAEL J. TREZZA
LAW OFFICE OF MICHAEL J. TREZZA

By: /s/ Michael J. Trezza (authorized Jan. 28, 2015)
MICHAEL J. TREZZA

Attorney for Third-Party Defendants JOSE LUIS OSORIO, GUADALUPE AMADOR, and FUTURE REFORESTATION, LLC

GOOD CAUSE APPEARING THEREFOR, IT IS SO ORDERED.

Dated: February 5, 2015

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

la-1274698